## CIRCUIT COURT OF THE CITY OF RICHMOND

Charles Mason Jones

    v.

B. Norris Vassar et al.

October 2, 1984

Case No. LH 19

By JUDGE MARVIN F. COLE

    This suit was filed by the plaintiff on December 6, 1983, pursuant to Section 8.01-195.1 of the Code of Virginia, which is known as the Virginia Tort Claims Act. The motion for judgment further alleges that the court has jurisdiction under Section 8.01-195.4 of the Code of Virginia as amended.

    On January 6, 1984, the defendants filed a demurrer to the motion for judgment on the following specific grounds:

    1. This suit must be dismissed because it is brought under the Virginia Tort Claims Act, 8.01-195.1, *et seq.*, of the Code of Virginia, which provides only for relief against the Commonwealth; the Commonwealth is not a party to this suit.

    2. This suit must also be dismissed because the plaintiff's claim was not properly filed under Section 8.01-195.6 of the Code of Virginia within six months of the time the cause of action accrued.

    In order to determine when the cause of action accrued the court must look to the allegations of the motion for judgment and must take all such allegations as true and in the light most favorable to the plaintiff.

The motion for judgment alleges that the plaintiff was sentenced to serve 25 years on December 19, 1975, by this court and is currently confined at the Virginia State Penitentiary. On November 1, 1979, he escaped custody and was not returned to custody until December 9, 1982. On June 8, 1979, his parole eligibility date was fixed at July 10, 1979, but on August 1, 1979, parole was denied to him. Due to the escape his parole eligibility date was not again fixed until January 4, 1983. The plaintiff complained of this computation and thereafter again on August 4, 1983, his parole eligibility was recomputed. The plaintiff again complained that the date as computed was incorrect. Therefore, the plaintiff alleges in this suit that the defendants are negligent in their actions of erroneously computing his parole eligibility date, the last computation alleged to be on August 4, 1983. If the plaintiff has a cause of action it arose on August 4, 1983, or prior thereto.

Section 8.01-195.6 of the Code of Virginia (1983 Cumulative Supplement) in effect at the time of the allegations of this suit states the following:

> Every claim cognizable against the Commonwealth shall be forever barred unless the claimant or his agent, attorney or representative has filed a written statement of the nature of the claim and the time and place at which the injury is alleged to have occurred. The statement shall be filed within six months after such cause of action shall have accrued with the head of the State agency for which the State employee was acting when the alleged injury occurred. A copy of such written statement shall also be filed with the Attorney General. In the event the claimant is unable to determine the State agency for which the State employee was acting when the alleged injury occurred, the claimant, his agent, attorney or representative shall file such written statement with the Governor and a copy shall also be filed with the Attorney General.

I have reviewed the allegations in the motion for judgment and also copies of correspondence lodged in the file and I cannot find that the claimant filed a

written statement with the head of the Department of Corrections within six months after his cause of action, if any, arose, giving the nature of the claim and the time and place that it occurred. The copies of letters in the file are addressed to various State officials questioning the manner in which the parole date of eligibility was determined, but none of the letters set forth that a claim is being asserted against the Commonwealth under the Tort Claims Act. Therefore, I am of the opinion that the claimant has not complied with the provisions of the Virginia Tort Claims Act and the demurrer must be sustained.

Having determined that proper notice has not been given under the Virginia Tort Claims Act, there is not need to determine whether the claimant can amend the motion for judgment to substitute the Commonwealth of Virginia as a party.